KRYSTKIEWICZ *v.* KRYSTKIEWICZ.

1. Divorce—Matters Arising Since Decree.

   In divorce cases, matters arising since decree are more properly presented to circuit court on petition to amend or modify the decree rather than to Supreme Court on appeal by way of supplemental testimony.

2. SAME—DIVISION OF PROPERTY—MODIFICATION OF DECREE.
    While record in divorce case indicates provisions of decree as to
        division of property are not inequitable, modification is made
        in favor of wife to allow her a lien on husband's interest as
        tenant in common in heavily mortgaged homestead for amount
        she borrowed and paid on mortgage thereon.

Appeal from Muskegon; Vanderwerp (John), J.
Submitted May 27, 1935. (Docket No. 124, Calendar
No. 37,868.) Decided September 9, 1935.

Bill by Nellie Krystkiewicz against John Kryst-
kiewicz for separate maintenance. Cross-bill by de-
fendant for an absolute divorce. Decree for defend-
ant. Plaintiff appeals. Modified and affirmed.

*Alexis J. Rogoski,* for plaintiff.

FEAD, J. This is an appeal from property provi-
sions and money allowances in a decree for divorce.
The testimony set up in the record is confined to
such matters. 'Plaintiff asks privilege of supple-
menting the decree by other testimony.

Matters arising since decree are more properly
presented to circuit court on petition to amend or
modify the decree.

The record before us does not indicate that the
court reached an inequitable result. However, the
homestead, in which the parties now become tenants
in common, is heavily mortgaged and the possibility
of their saving it seems slight. We think the decree
should provide for its sale and division of the pro-
ceeds, on petition of either party and if the court
should deem it proper. An item of $215.78, bor-
rowed by plaintiff and applied upon the mortgage,
apparently overlooked by the court, should be made
a lien in her favor against defendant's interest in

the homestead.    Otherwise the decree will be affirmed, without costs, and the cause remanded to the circuit court.

POTTER, C. J., and NELSON SHARPE, NORTH, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.